UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BOAZ ODUMA OMONDI OWUOR and
POE MU HTU BLAT,

                          Petitioners,

v.

WILLIAM P. BARR, in his official capacity
as Attorney General of the United States;
THOMAS E. FEELEY, in his official
capacity as Buffalo Field Office Director for
U.S. Immigration and Customs Enforcement;
JEFFREY J. SEARLS, Facility Director of
Buffalo Federal Detention Facility; and U.S.
DEPARTMENT OF HOMELAND
SECURITY,

                          Respondents.
_____

**REPORT, RECOMMENDATION AND ORDER**

1:19-cv-0872-LJV-JJM

Before the court are petitioners' motion [52][1] for attorneys' fees and expenses in the amount of $34,871.44 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, and respondents' motion for leave to file a Sur-Reply [56], which have been referred to me by District Judge Lawrence J. Vilardo for initial consideration [57]. Having reviewed the parties' submissions [52, 54, 55, 56], for the following reasons respondents' motion to file a Sur-Reply is granted, and I recommend that petitioners' motion be denied.[2]

---

[1] Bracketed references are to CM/ECF docket entries and page references are to CM/ECF pagination.

[2] Judge Vilardo's referral order did not specify the statutory basis for the referral. However, as this is no longer a pretrial matter subject to referral under 28 U.S.C. §636(b)(1)(A), I assume that the referral was made pursuant to §636(b)(3)("A magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States"). That provision does not give me "the statutory authority to rule definitively on the petitioner's application for fees". Rajaratnam v. Moyer, 47 F.3d 922, 925 (7th Cir. 1995).

## BACKGROUND

On June 30, 2019 petitioners Owuor and Blat filed a Petition for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief, seeking to enjoin respondents from removing petitioner Owuor from the United States, moving him outside the State of New York, or detaining him for immigration purposes. [1]. On July 2, 2019 they filed a Motion for a Temporary Restraining Order and Preliminary Injunction [3], and Judge Vilardo held an initial hearing on that application the next day [37].

At that hearing, respondents stated that there was no "irreparable harm" because Owuor was "not on the verge of being removed", and that "we don't believe the Court has jurisdiction, and that's the biggest concern in this case". Id. at 4. Judge Vilardo stated that "there are some compelling arguments that [petitioners] make about this situation . . . . I am going to issue the temporary restraining order so that I can decide whether I have jurisdiction . . . . [I]t will be, as I say, on a short leash". Id. at 8.

Thereafter, respondents answered and moved to dismiss the Petition and Amended Petition, and extensive briefing followed [12, 13, 14, 15, 17, 19, 20, 21, 22, 24, 25, 26, 29]. At the outset of oral argument on October 16, 2019, Judge Vilardo stated "I understand we've got some weighty issues here. We've got district courts going every which way on lots of these issues". [32] at 5. While acknowledging that he had "a good deal of sympathy for [petitioners'] position and for Mr. Owuor", Judge Vilardo struggled with the issue of whether Owuor should be released: "I understand I have the authority to release him . . . . But I'm concerned about whether I can do that in good conscience on due-process grounds in light of the caselaw". Id. at 20. At the conclusion of oral argument, Owuor remained in custody, and the court reserved decision. [32] at 36, 37.

By letter dated October 24, 2019 [33] the parties notified Judge Vilardo that Owuor had been released from custody that morning pursuant to an Order of Supervision ("OSUP") [33-1], and asked him to hold the case in abeyance. On February 6, 2020 the parties filed a Stipulation of Dismissal providing, inter alia, that "[p]etitioner's counsel will be notified immediately if Mr. Owuor is re-detained for civil immigration purposes or if modifications to the terms of Mr. Owuor's OSUP become necessary", and that "[t]he Court shall retain jurisdiction to enforce compliance with this stipulation and order and any and all applications made by either party". [47] at 2, ¶¶2, 4. At the parties' request, on February 7, 2020 Judge Vilardo "So Ordered" the Stipulation [48].

## DISCUSSION

A.   **Petitioners are not "Prevailing Parties"**

The EAJA provides that "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. §2412(d)(1)(A).

"[A] threshold requirement for a party seeking fees is to establish that he is a 'prevailing party' within the Act's definition." Ma v. Chertoff, 547 F.3d 342, 343 (2d Cir. 2008). In order "to be considered a prevailing party, a plaintiff must not only achieve some material alteration of the legal relationship of the parties, but the change must also be judicially sanctioned." Id. at 344. Petitioners initially argued that they were prevailing parties because Owuor "sought a stay of his removal", because "ICE released him on an Order of Supervision",

and because his "application to reopen his removal proceedings . . . was joined by the government". Petitioners' Memorandum of Law [52-1] at 6-7.

None of these arguments are persuasive. While Judge Vilardo did issue a TRO enjoining Owuor's removal, he did so only to maintain the status quo. He did not reach the merits of petitioners' claims, admitting that he was unsure of his jurisdiction to act. [37] at 8. "[T]he procurement of a TRO in which the court does not address the merits of the case but simply preserves the status quo to avoid irreparable harm to the plaintiff is not by itself sufficient to give a plaintiff prevailing party status." Mastrio v. Sebelius, 768 F.3d 116, 120 (2d Cir. 2014).

Although respondents did release Owuor from custody on October 24, 2019 [33] and joined in his application to reopen his removal proceedings, they did so voluntarily, without being ordered to do so by Judge Vilardo. Even assuming for sake of argument that the pendency of the litigation played a role in those actions, "a party who achieved the desired result because his lawsuit brought about a voluntary change in the defendant's conduct, but who failed to secure a judgment on the merits, is not a prevailing party". Ma, 547 F.3d at 344. "Defendants voluntarily gave [petitioner] the relief he sought . . . . Thus, [petitioner] clearly does not fit the definition of a prevailing party." Id.

For the first time in their Reply, petitioners raise an additional argument, namely that the Stipulation effects "a material alteration of the legal relationship of the parties", by requiring "that Petitioner's counsel will be notified immediately if Mr. Owuor is re-detained for civil immigration purposes or if modifications to the terms of Mr. Owuor's OSUP become necessary". [55] at 4. Although I could have ignored this argument,[3] I elected instead to grant

---

[3] "A district court is free to disregard argument raised for the first time in reply papers." Acquest Holdings, Inc. v. Travelers Casualty and Surety Company of America, 217 F. Supp. 3d 678, 688, n. 3 (W.D.N.Y. 2016).

respondents' motion [56] to submit a Sur-Reply [56-1] addressing only that new issue.

Respondents argue that "[t]o the extent that the Stipulation represents any change, it is not material in the context of this action. Petitioners did not file this litigation to obtain notification of Mr. Owuor's detention or changes to his OSUP; rather, they sought to enjoin Mr. Owuor's removal and have him released from Department of Homeland Security." [56-1] at 2. I agree. The Stipulation does not prevent respondents from re-detaining Owuor or require any action in advance of doing so - it merely requires notification after the fact.

Even if this were a close question (and I do not believe it is), I would give respondents the benefit of the doubt. "The EAJA renders the United States liable for attorney's fees for which it would not otherwise be liable, and thus amounts to a partial waiver of severing immunity.  Any such waiver must be strictly construed in favor of the United States." Ardestani v. Immigration and Naturalization Service, 502 U.S. 129, 137 (1991); *see also* Portis v. Secretary of Department of Homeland Security, 161 F.Supp.3d 534, 543 (E.D.Mich. 2015) ("if the Court finds that the issue of . . . prevailing party is a close call . . . the Court should find in the Government's favor").

**B.    In Any Event, Respondents' Position was Substantially Justified**

In order to be considered "substantially justified" so as to defeat a claim for attorney's fees under the EAJA, respondents' position need not be "justified to a high degree, but rather has been said to be satisfied if there is a genuine dispute . . . or if reasonable people could differ as to the appropriateness of the contested action". Pierce v. Underwood, 487 U.S. 552, 565 (1988).

Judge Vilardo's comments during oral argument on October 16, 2019 leave little doubt that this standard has been satisfied: "[w]e've got district courts going every which way on

lots of these issues . . . . I understand I have the authority to release him . . . . But I'm concerned . . . . whether I can do that in good conscience on due-process grounds in light of the caselaw". [32] at 5, 20. Therefore, petitioners would not be entitled to relief even if they were "prevailing parties".

## CONCLUSION

While petitioners' attorneys are certainly to be commended for their efforts on petitioners' behalf, I conclude that they have failed to establish their entitlement to the relief requested. Accordingly, for the reasons discussed, respondents' motion [56] to file a Sur-Reply is granted, and I recommend that petitioners' motion [52] be denied.

Unless otherwise ordered by Judge Vilardo, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by April 13, 2021. Any requests for extension of this deadline must be made to Judge Vilardo.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new

arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: March 30, 2021

                                              /s/ Jeremiah J. McCarthy
                                              JEREMIAH J. MCCARTHY
                                              United States Magistrate Judge